FILED
IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y.

★  APR 1 5 2014  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------

XAVIER BRADLEY,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JULIO MICHELI, Shield No. 2782,
Individually and in his Official Capacity, and Police Officers "JOHN
DOE" 1-5, Individually and in their Official Capacities, the names
"JOHN DOE" being fictitious as the true names are not presently
known,

Defendants.

--------------------------------------------------------------------------------

**CV 14        2422**

**COMPLAINT**

JURY TRIAL DEMANDED

MATSUMOTO, J.

MANN. M.J.

Plaintiff, XAVIER BRADLEY, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon

information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States of America.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, XAVIER BRADLEY, is, and has been, at all relevant times, a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants, P.O. JULIO MICHELI and Police Officers "JOHN DOE" 1-5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.     On or about October 24, 2013, at approximately 9:10 p.m., plaintiff XAVIER BRADLEY, was lawfully present in the passenger seat of a vehicle in front of 494 Chauncey Street in Kings County in the State of New York.

14.     At that time and place, the individually named officers approached plaintiff with their guns drawn and ordered him out of the vehicle.

15.     The officers immediately handcuffed plaintiff's arms tightly behind his back, placed him in their vehicle, and transported him to a nearby precinct.

16.     At no time on October 24, 2013 did plaintiff commit any crime or violation of law.

17.     At no time on October 24, 2013 did defendants possess probable cause to arrest plaintiff.

18.     At no time on October 24, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

19.     In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

20.     Despite the defendants' actions, the Kings County District Attorney's Office declined to prosecute charges against the plaintiff.

21.     As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty-four hours in custody.

22.     As a result of the foregoing, plaintiff XAVIER BRADLEY sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

23.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

24.     All of the aforementioned acts deprived plaintiff, XAVIER BRADLEY, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

28.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

29.     As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

30.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints,

without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

31.     Plaintiff, XAVIER BRADLEY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

32.     Defendants arrested and incarcerated plaintiff, XAVIER BRADLEY, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35.     Those customs, policies, patterns, and practices include, but are not limited to:

     i.     requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

     ii.     requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

     iii.     failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

     iv.     failing to properly train police officers in the requirements of the United States Constitution.

36.     The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY

OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

 i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

 ii.  arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

 iii. falsifying evidence and testimony to support those arrests;

 iv.  falsifying evidence and testimony to cover up police misconduct.

37.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiff, XAVIER BRADLEY.

38.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

39.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

40.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

41.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

42.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

43.     All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

44.     Plaintiff XAVIER BRADLEY repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45.     On or about November 20, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law §50(e).

46.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

47.     Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on March 12, 2014.

48.     This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

49.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

50.     This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## THIRD CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

51.     Plaintiff XAVIER BRADLEY repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52.     At the aforesaid place and time, the individually named defendants did cause plaintiff XAVIER BRADLEY to be unlawfully assaulted and battered, without cause or provocation.

53.     The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

54.     As a result of the aforesaid assault and battery, plaintiffs XAVIER BRADLEY was injured, both physically and mentally.

**FOURTH CLAIM FOR RELIEF**
**FOR FALSE ARREST UNDER NEW YORK LAW**

55.     Plaintiff XAVIER BRADLEY repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

56.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

57.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

58.     As a result of the foregoing plaintiff was caused to sustain physical and emotional injuries.

**FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

59.     Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

60.     Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

61.    Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

62.    Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE,** the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 8, 2014

                                    Respectfully submitted,

                                    **LAW OFFICES OF MICHAEL S.
                                    LAMONSOFF, PLLC**
                                    *Counsel for the Plaintiff*


                      By:     MATTHEW SHROYER (MS-6041)
                              80 Maiden Lane, 12th Floor
                              New York, New York 10038
                              (212) 962-1020